RILEY SAFER HOLMES & CANCILA LLP
Yakov P. Wiegmann (CSB # 245783)
ywiegmann@rshc-law.com
Mishan R. Wroe (CSB # 299296)
mwroe@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, California 94104
Telephone:   (415) 275-8550
Facsimile:    (415) 275-8551

PLEASE SEE SIGNATURE PAGE FOR COMPLETE
LIST OF COUNSEL

*Attorneys for Plaintiffs*
AMERICAN CIVIL LIBERTIES UNION
IMMIGRANTS' RIGHTS PROJECT and CENTER
FOR GENDER & REFUGEE STUDIES AT THE
UNIVERSITY OF CALIFORNIA HASTINGS
COLLEGE OF THE LAW

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION IMMIGRANTS' RIGHTS PROJECT and CENTER FOR GENDER & REFUGEE STUDIES AT THE UNIVERSITY OF CALIFORNIA HASTINGS COLLEGE OF THE LAW,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, an agency of the Department of Homeland Security,<br><br>Defendant. | Case No. 3:16-cv-06066-JSC<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Freedom of Information Act, 5 U.S.C. § 552<br><br>Date:   August 10, 2017<br>Time:   1:30 p.m.<br>Courtroom: F<br>Judge:   Hon. Magistrate Judge Jacqueline Scott Corley |

Pursuant to Civil L.R. 16-9, Plaintiffs American Civil Liberties Union Immigrants' Rights Project and Center for Gender & Refugee Studies at the University of California Hastings College of the Law (collectively, "Plaintiffs") and Defendant U.S. Immigration and Customs

Enforcement, an agency of the Department of Homeland Security (hereafter, "ICE," "Defendant," or "Agency") hereby submit the following joint initial Case Management Statement.

**1.     Jurisdiction and Service**: This action arises under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). The Court has subject matter jurisdiction over this FOIA action pursuant to 5 U.S.C. section 552(a)(4)(B) and 28 U.S.C. sections 1331 and 1346. The parties do not contest personal jurisdiction or venue in this case. No parties remain to be served.

Defendant notes that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The waiver in this case has only been asserted under FOIA, and no other provisions.

**2.     Facts**

**Plaintiffs' Contentions**: This is an action under the FOIA to shed light on the federal government's treatment of asylum seekers. Plaintiffs seek information regarding the government's detention of asylum seekers who recently arrived in the United States, in light of an existing Agency directive providing for their release in appropriate cases.

In October 2015, Plaintiffs made FOIA requests for information regarding ICE's detention of asylum seekers who are found to have a credible fear of persecution. Under a 2009 ICE Directive, arriving asylum seekers who establish a credible fear should *not* be detained if they meet specified criteria. Plaintiffs sought to enable the public to evaluate whether ICE detention practices contravene the public interest, ICE's own Directive, and the constitutional and statutory rights of asylum seekers. Plaintiffs specifically asked for statistical records that ICE is required to maintain pursuant to the Directive, as well as related policy documents and Agency communications that are in ICE's possession. Yet more than a year and a half after the requests were filed, ICE had provided only a fraction of these records. Having exhausted administrative remedies, Plaintiffs brought this suit.

Since the filing of Plaintiffs' complaint, on January 10, 2017, ICE made a Second Supplemental Response to Plaintiffs' FOIA requests. While this response included some of the outstanding policy documents and Agency communications, they are heavily redacted, purportedly pursuant to several FOIA exemptions. ICE provided no explanation of how its

claimed exemptions meet the applicable legal standards with regard to particular redactions and withheld documents, but merely recited those standards in boilerplate form.  Nor did ICE explain its record search, including the search terms and type of search performed.

Moreover, while the Second Supplemental Response contained additional statistical reports, at least one category of documents that ICE is required to maintain pursuant to the Directive (analyses of monthly reports) remains missing from ICE's production, and other responsive records were not produced.  The records that were produced contain terms that need to be defined.  The statistical records also cannot be deciphered without unique identifiers for the individuals involved (in place of identification numbers that ICE redacted).  In addition, the records contain unexplained discrepancies in the data.

**Defendant's Contentions**: Defendant contends that, with the production of the Second Supplemental Response, it has complied with Plaintiffs' FOIA requests.  Defendant objects to Plaintiffs' recitation of facts, and refers the Court to Defendant's Answer and Affirmative Defenses to Plaintiffs' Complaint for Injunctive and Declaratory Relief, filed January 5, 2017.

**3.    Legal Issues**

**Issue #1: Search for and Production of Data Records**

<u>Plaintiffs' Position</u>:  Defendant's search was inadequate with respect to Plaintiffs' data request (2016-ICFO-01574).  The agency must conduct a search reasonably calculated to uncover all relevant documents.  *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015).  A search may be inadequate where "a review of the record raises substantial doubt, particularly in view of well-defined requests and positive indications of overlooked materials." *Id.* at 771.

Review of the record raises substantial doubt about the adequacy of Defendant's search and reveals the existence or likely existence of responsive documents that were not produced.  Plaintiffs' data request sought records from 2010 onward that ICE is required to create under its own Parole Directive: namely, (1) monthly reports by the ICE Field Office Directors on parole decisions; (2) related analyses by the Assistant Director for Operations, and (3) quality assurance reports by the Assistant Director for Operations.  *See* ICE Directive 11002.1 ¶¶ 8.11, 8.12.

Plaintiffs sought all three categories of documents created from January 2010 to the

present. Although Defendant recently produced monthly field office reports dating back to 2010, it has produced no analyses of monthly reports, and only one quality assurance report from 2010. Thus, Plaintiffs maintain that Defendant has failed to conduct an adequate search for and to produce records responsive to its data request. Plaintiffs ask that Defendant produce these remaining records or confirm that they do not exist. Additionally, Plaintiffs request that Defendants produce data reports through the end of July 2017. Plaintiffs' request of October 2015 sought data reports from January 2010 "to the present." The reports eventually produced up through September 2015 are no longer current as a result of the agency's failure to meet its obligations under the FOIA, including statutory time limits, necessitating the instant litigation.

Plaintiffs also seek basic information necessary to understand Defendant's data reports, including (1) supplementation and clarification of its glossary of terms; (2) assignment of a unique identifier to each individual considered for parole; and (3) an explanation of numerous discrepancies and ambiguities in the data.[1] This information falls within the scope of Plaintiffs' data request as Plaintiffs are unable to understand the data records without it.

Defendant's Position: Defendant contends that it has made an adequate search, reasonably calculated to uncover all relevant documents. Defendant also contends that certain of the information and documents that Plaintiffs are now requesting are outside of the scope of the original request. For example, Plaintiffs now request monthly reports through July 2017. Plaintiffs' original request and original search "cut-off" date is for October 2015, and any records subsequent to that date would fall outside of the scope of the original request.

Plaintiffs also request that Defendant edit and create records, which is not required under FOIA.

**Issue #2: Search of Defendant's Records Search Regarding Plaintiffs' Policy Request**

Plaintiffs' Position: Plaintiffs' policy request sought a broad range of records—including "internal memoranda, guidelines, worksheets, training materials, reports, or other agency

---

[1] These include discrepancies between the number of actual entries in the spreadsheets and the total cases reported in Defendant's summary charts, and discrepancies between the number of parole decisions in the spreadsheets and publicly available data on the number of relevant asylum seekers whom Defendant is required to consider for parole.

communications"—regarding the application of ICE's enforcement priorities to parole requests.

Plaintiffs believe there is "substantial"—if not more serious—doubt that ICE conducted a reasonably adequate search for the requested records. *Hamdan*, 797 F.3d at 771. ICE's own monthly data reports list "enforcement priority" or "recent entrant/enforcement priority" or "enforcement priority 1" as a reason for hundreds of denials of parole. This strongly suggests that there are "internal memoranda, guidelines, worksheets, training materials, reports, or other agency communications" on how the enforcement priorities are applied in parole decisions. Although ICE has produced some of these documents, Plaintiffs seek an affidavit describing ICE's search—including search terms used—to be satisfied that ICE has met its FOIA obligations. *See Oglesby v. United States Dep't. of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) (agency must provide affidavit "averring that all files likely to contain responsive materials (if such materials exist) were searched").

Defendant's Position: Defendant contends that it has made an adequate search, reasonably calculated to uncover all relevant documents. If required, Defendant will provide an agency affidavit at the relevant time, specifically if the parties file motions for summary judgment.

**Issue #3: ICE's Claimed Exemptions**

Plaintiffs' Position: Finally, Defendant withheld portions of the records produced in response to both requests pursuant to 5 U.S.C. §§ 552(b)(2), (5), (6), (7)(C) and (7)(E). Defendant merely asserts, without explanation, that certain information and/or records meet the standards outlined in 5 U.S.C. §552(b). It is well-settled that FOIA's "exemptions 'must be narrowly construed.'" *ACLU of N. Cal. v. FBI*, No. C 12-03728 SI, 2014 WL 4629110 (N.D. Cal. Sept. 16, 2014), at *2 (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 154 (1989)). "The government agency bears the ultimate burden of proving that a particular document or redaction falls within one of the nine statutory exemptions to the disclosure requirement." *Id*. at *3.

Defendant has provided only boilerplate explanations of their withholdings. Moreover, Defendant has failed to identify any documents withheld in their entirety, to state the nature of those documents, and to justify withholding of them. Plaintiffs are entitled to a *Vaughn* index

specifying any such documents and justifying all withholdings and have requested that Defendant provide its *Vaughn* Index in advance of filing its motion for summary judgment to allow the parties to narrow issues of dispute before the Court. *See Bay Area Lawyers Alliance for Nuclear Arms Control v. Dep't. of State*, 818 F. Supp. 1291, 1296 (N.D. Cal. 1992) (agency is required to "provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply"); *see infra* Section 17 ("Scheduling").

Defendant's Position: If required, Defendant will provide a *Vaughn* Index at the relevant time, specifically if the parties file motions for summary judgment.

4. **Motions**: There are no prior or pending motions in this case. The parties anticipate filing cross-motions for summary judgment if settlement negotiations are unsuccessful.

5. **Amendment of Pleadings**: The parties do not currently anticipate adding or dismissing any parties, claims, or defenses.

6. **Evidence Preservation**

**Plaintiffs' Position**: Plaintiffs respectfully request that Defendant provide an affidavit describing Defendant's evidence preservation efforts with respect to Plaintiffs' FOIA request.

**Defendant's Position**: Defendant will preserve evidence relevant to the issues reasonably evident in this action. Plaintiffs cannot establish that Defendant is required to provide an affidavit describing Defendant's evidence preservation efforts with respect to Plaintiffs' FOIA requests, and Defendant declines to do so at this time.

7. **Disclosures**:

**Plaintiffs' Position**: Plaintiffs contend that with limited exceptions, initial disclosures are normally not required in a FOIA case such as this. Plaintiffs do not anticipate the need for initial disclosures, but reserve the right to request them if unanticipated issues and disputes arise.

**Defendant's Position**: This case is likely to be decided on the administrative record, and as such is exempt from initial disclosures. Fed. R. Civ. P. 26(a)(1)(B)(i).

8. **Discovery**:

**Plaintiffs' Position**: No discovery has been taken to date. Plaintiffs contend that with

1  limited exceptions, discovery is normally not appropriate in FOIA cases such as this.  Plaintiffs
2  anticipate resolving the document production issues presented in this FOIA case informally, or
3  via cross-motions for summary judgment, without the need for formal discovery, but reserve the
4  right to conduct such discovery if unanticipated issues and disputes arise.
5        **Defendant's Position**: Defendant will object to discovery requests because discovery is
6  typically inappropriate in FOIA cases.  *See Lane v. Department of Interior*, 523 F.3d 1228, 1134
7  (9th Cir. 2008) (discovery is limited in FOIA cases "because the underlying case resolves around
8  the propriety of revealing certain documents"); *Wheeler v. CIA*, 271 F. Supp. 2d 132, 139 (D.D.C.
9  2003) (citing *Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 25 (D.D.C. 2000);
10 *Lawyers' Committee for Civil Rights v. U.S. Dept. of Treasury*, 534 F. Supp. 2d 1226, 1131-32
11 (N.D. Cal. 2008).
12 **9.**  **Class Actions**: Not applicable.
13 **10.** **Related Cases**: Not applicable.
14 **11.** **Relief**:  Plaintiffs seek declaratory relief declaring that ICE's failure to disclose the
15 records requested by Plaintiffs violates FOIA.  Plaintiffs further seek injunctive relief ordering
16 ICE to expeditiously conduct an adequate search for all outstanding records responsive to
17 Plaintiffs' FOIA requests, and to expeditiously and appropriately disclose, as soon as practicable,
18 all responsive, non-exempt records.  Furthermore, Plaintiffs seek reasonable attorney fees and
19 other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E), and
20 any other relief as the Court may deem just and proper.  Defendant seeks a dismissal of the action
21 with prejudice, and such other relief as may be appropriate.
22 **12.** **Settlement and ADR**:  On May 12, 2017, after extensive negotiations, the parties reached
23 a settlement agreement regarding document production.  However, the agreement has not yet
24 been signed because Plaintiffs are awaiting final confirmation from ICE.  Originally, the parties
25 attempted to negotiate an attorneys' fees agreement to be included in the settlement agreement.
26 On May 17, 2017 Plaintiffs sent their attorneys' fee request to ICE.  However, because Plaintiffs
27 had still not received a response from ICE regarding their fee request by July 17, 2017, the Parties
28 agreed to amend the settlement agreement such that the agreement regarding document

production would take effect first, leaving attorneys' fees to be negotiated separately. That same day, Plaintiffs sent an updated settlement agreement to ICE reflecting the decision to negotiate attorneys' fees separately. To date, Plaintiffs have still not received a signed copy of the settlement agreement from ICE.

ICE anticipates providing a signed copy of the settlement agreement, which they have agreed to in substance, by August 10, 2017.

Because of the amount of time that has passed since the parties reached their agreement regarding document production, if ICE does not sign the settlement agreement by August 11, 2017, the terms of the agreement may need to be changed to ensure that the data Plaintiffs are receiving is current.

**13.** **Consent to Magistrate Judge for All Purposes**: The parties have consented to the Honorable Magistrate Judge Jacqueline Scott Corley conducting all further proceedings including trial and entry of judgment.

**14.** **Other References:** The parties do not believe that this action is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues**: The parties have met and conferred and narrowed the issues in this case, and plan to continue meeting and conferring to further narrow the issues prior to the filing of cross-motions for summary judgment.

**16.** **Expedited Trial Procedure/Expedited Schedule**: The parties do not believe that this is the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. Plaintiffs propose the briefing schedule regarding document production and cross-motions for summary judgment set forth in Section 17, below.

**17.** **Scheduling**: Plaintiffs propose the following schedule: Plaintiffs are waiting to receive a signed settlement agreement regarding document production from ICE. If the settlement agreement is not signed by August 11, 2017, Plaintiffs request that the Court schedule a mandatory settlement conference to address both document production and attorneys' fees at the earliest available time. If a settlement agreement is signed by August 11, 2017 as to document production, Plaintiffs request that the Court schedule a mandatory settlement conference as to

1  attorneys' fees only for October 2017.

2      **Defendant's Position:** Defendant anticipates providing a signed settlement agreement to
3  Plaintiffs no later than August 10, 2017. Defendant maintains that scheduling a mandatory
4  settlement conference as to attorneys' fees is premature.

5  **18.**     **Trial**: The parties anticipate resolving the document production issues presented in this
6  case before trial, informally or via cross-motions for summary judgment.

7  **19.**     **Disclosure of Non-Party Interested Entities or Persons**:

8      Plaintiffs have filed their Certification of Interested Entities or Persons pursuant to Civil
9  L.R. 3-15, certifying that the following listed persons, associations of persons, firms, partnerships,
10 corporations (including parent corporations) or other entities (i) have a financial interest in the
11 subject matter in controversy or in a party to the proceeding or (ii) have a non-financial interest in
12 that subject matter or in a party that could be substantially affected by the outcome of this
13 proceeding:  As of this date, other than the named parties, there is no such interest to report.

14     **Defendant's Position**: Defendant is exempt from this requirement as a federal
15 government entity.

16 **20.**     **Professional Conduct:** All attorneys of record for the parties have reviewed the
17 Guidelines for Professional Conduct for the Northern District of California.

18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**21.   Other Matters:** None at this time.

Dated: August 3, 2017            United States Attorney's Office

By: */s/ Julie Bibb Davis*

Julie Bibb Davis (CSB # 184957)
Assistant United States Attorney
Julie.Davis@usdoj.gov
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7066

*Attorneys for Defendant*
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, an agency of the Department of Homeland Security

Dated: August 3, 2017            Riley Safer Holmes & Cancila LLP

By: */s/ Yakov P. Wiegmann*

Yakov P. Wiegmann (CSB # 245783)
ywiegmann@rshc-law.com
Mishan R. Wroe (CSB # 299296)
mwroe@rshc-law.com
456 Montgomery Street, 16th Floor
San Francisco, California 94104
Telephone:(415) 275-8550
Facsimile: (415) 275-8551

AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF NORTHERN CALIFORNIA
Julia Harumi Mass (CSB # 189649)
jmass@aclunc.org
Angélica Salceda (CSB # 296152)
asalceda@aclunc.org
39 Drumm Street
San Francisco, California 94111
Telephone:(415) 621-2493
Facsimile: (415) 255-8437

AMERICAN CIVIL LIBERTIES UNION
IMMIGRANTS' RIGHTS PROJECT
Michael Tan (CSB # 284869)
mtan@aclu.org
125 Broad Street, 18th Floor
New York, NY 10004
Telephone:(347) 714-0740
Facsimile: (212) 549-2654

CENTER FOR GENDER & REFUGEE
STUDIES AT THE UNIVERSITY OF
CALIFORNIA HASTINGS COLLEGE OF
THE LAW
Eunice Lee (NY Reg No. 4607859) *
leeeunice@uchastings.edu
Moira Duvernay (CSB # 233279)
duvernaym@uchastings.edu
200 McAllister Street
San Francisco, California 94102
Telephone: (415) 581-4877
Facsimile:  (415) 581-8824

**Pro Hac Vice* Application Granted

*Attorneys for Plaintiffs*
AMERICAN CIVIL LIBERTIES UNION
IMMIGRANTS' RIGHTS PROJECT and
CENTER FOR GENDER & REFUGEE
STUDIES AT THE UNIVERSITY OF
CALIFORNIA HASTINGS COLLEGE OF
THE LAW