UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION IMMIGRANTS' RIGHT PROJECTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Defendant. | Case No. 16-cv-06066-JSC <br><br> **ORDER RE ATTORNEY'S FEES AND COSTS** <br><br> Re: Dkt. No. 68 |

Plaintiffs are two non-profit entities, the American Civil Liberties Union Immigrants' Rights Project ("ACLU) and the Center for Gender and Refugee Studies at the University of California Hastings College of the Law ("CGRS"), who obtained records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to evaluate whether Defendant, U.S. Immigration and Customs Enforcement's ("ICE") detention practices contravene the constitutional rights of asylum seekers. The parties have reached a settlement agreement. Now pending before the Court is Plaintiffs' motion for attorney's fees and costs. (Dkt. No. 68.) Defendant does not contest Plaintiffs' eligibility for and entitlement to fees, Plaintiffs' hourly rate, or the amount requested for Plaintiffs' fee motion, but instead argues that Plaintiffs' demand is unreasonable. (Dkt. No. 71 at 5:8-14.)

Having carefully reviewed the parties' briefing, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and that certain requested fees should not be awarded while others should and therefore GRANTS in part and DENIES in part Plaintiffs' motion.

//

//

**BACKGROUND**

In December 2009, ICE issued Directive 11002.1, "Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture" (the "Parole Directive"). (Dkt. No. 1 ¶ 15.) On October 5, 2015, Plaintiffs sent ICE two FOIA requests seeking the disclosure of records pertaining to enforcement of the Parole Directive. (*Id*. ¶ 29.) ICE did not provide a final response to Plaintiffs' request until after the statutory deadline, on December 17, 2015. (*Id*. ¶ 36.) ICE produced three policy-related documents and data for January – September 2015. (*Id*. ¶ 38.) However, ICE failed to respond adequately to Plaintiffs' other requests. (*Id*. ¶ 37.) ICE also withheld portions of the records claiming FOIA exemptions. (*Id*. ¶ 39.)

On February 11, 2016, Plaintiffs timely administratively appealed ICE's search for records and invocation of the FOIA exemptions. (*Id*. ¶ 40.) On June 23, 2016, ICE provided new data in response to Plaintiffs' request. (*Id*. ¶ 44.) However, Plaintiffs represent that the allegedly "new" data was in fact the same information that had been produced in spreadsheet form in December 2015. (*Id*. ¶ 47.) Further, ICE again failed to provide analyses or quality assurance reports or an index to the data. (*Id*. ¶ 45.)

On August 22, 2016, Plaintiffs timely administratively appealed ICE's allegedly inadequate response. (*Id*. ¶ 49.) On September 21, 2016, ICE granted Plaintiffs' appeal with respect to the inadequacy of its search for statistical reports and remanded the request for re-processing. (*Id*. ¶ 50.) After ICE failed to make a determination on remand within the required 20 business days, Plaintiffs filed their complaint on October 20, 2016. (*Id*. ¶ 51.)

Approximately 10 months later the parties settled the case and filed a settlement agreement. (Dkt. No. 56.) The agreement was entered by the Court on August 9, 2017. (Dkt. No. 57.) Subsequently, Plaintiffs filed the instant motion. (Dkt. No. 68)

**LEGAL STANDARD**

"The plaintiff who has proven both eligibility for and entitlement to fees must submit his fee bill to the court for its scrutiny of the reasonableness of (a) the number of hours expended and (b) the hourly fee claimed. If these two figures are reasonable, then there is a strong presumption that their product, the lodestar figure, represents a reasonable award." *Long v. I.R.S.,* 932 F.2d

1309, 1313–14 (9th Cir.1991) (internal quotation omitted). For the purposes of calculating the lodestar figure, the court has discretion in determining the number of hours reasonably expended on a case. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983) (stating that a district court has discretion in determining the amount of a fee award which is "appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters"). The fee applicant bears the burden of "documenting the appropriate hours expended" in the litigation and therefore must "submit evidence supporting the hours worked." *Hensley,* 461 U.S. at 433, 437. Reasonably expended time is generally time that "could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). To this end, the applicant must exercise "sound billing judgment" regarding the number of hours worked, and a court should exclude from a fee applicant's initial fee calculation hours that were not "reasonably expended," such as those incurred from overstaffing, or "hours that are excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 433.

"The court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary." *Long*, 932 F.2d at 1314. The Ninth Circuit has instructed district courts to "provide a detailed account of how it arrives at appropriate figures for the number of hours reasonably expended and a reasonable hourly rate." *Id*. "The explanation need not be elaborate, but it must be comprehensible." *Moreno,* 534 F.3d at 1111. "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice." *Id*. "But where the disparity is larger, a more specific articulation of the court's reasoning is expected." *Id*. However, in light of the fact that "awarding attorneys' fees to prevailing parties ... is a tedious business," the court "should normally grant the award in full" if the party opposing the fee request "cannot come up with specific reasons for reducing the fee request." *Id.* at 1116.

## DISCUSSION

Plaintiffs originally sought $81,386.50 in attorney's fees and $1,102.92 in litigation costs.

3

(Dkt. No. 68-1 at 5:13-16.) After Defendant's filed their opposition challenging the reasonableness of Plaintiffs' hours, Plaintiffs withdrew their hours spent on drafting a counseling agreement to retain co-counsel and preparing a pro hac vice application. (Dkt. No. 73 at 4:16-20.)

Plaintiffs now request $76,805 in attorney's fees, an additional $9,928 for their fee motion, and $1,102.92 in litigation costs. (Dkt. No. 73 at 4:6-23.) Exhibit A to Plaintiffs' reply brief reflects Plaintiffs' revised $76,805 request for attorney's fees. (Dkt. No. 73-2.) Defendants do not challenge Plaintiffs' fee motion fees or litigation cost requests. (Dkt. No. 71 at 5:10-11.) Defendant does, however, oppose Plaintiffs' request for attorney's fees as unreasonable and unsupported by case law. (*Id*. at 5:11-14.)

Defendants argue Plaintiffs' fee request is unreasonable because Plaintiffs may not bill for: (1) work performed during the FOIA administrative phase, (2) time spent reviewing documents produced by ICE, (3) time spent liaising with private counsel retained for this litigation, (4) time spent retaining outside counsel and drafting a counseling agreement, and (5) secretarial work. Defendants also argue that Plaintiffs spent an excessive amount of time drafting the complaint and that block billing is improper. Given that Plaintiffs have withdrawn their request for fees related to retaining outside counsel, drafting the counseling agreement, and preparing a pro hac vice application, the Court shall not address these issues. The Court shall proceed to discuss Defendant's remaining challenges.

**1.      Administrative Phase**

Defendant argues Plaintiffs' hours spent drafting FOIA requests and administrative appeals are not entitled to reimbursement. The Court agrees.

Defendant's Exhibit A summarizes Plaintiffs' administrative billing entries. (Dkt. No. 71-2 at 3.) These entries pertain to the filing of FOIA requests and administrative appeals. Defendant's Exhibit B summarizes the hours Plaintiffs spent on document review, research for the FOIA appeals, and the drafting and review of the appeal letters during the administrative process. FOIA provides an award of fees to a plaintiff prevailing in a case brought in district court. *See* 5 U.S.C. § 552(a)(4)(E). Accordingly, work performed during administrative proceedings prior to litigation is not recoverable under FOIA. *See, e.g., Northwest Coalition for Alternatives to*

4

*Pesticides v. Browner*, 965 F.Supp. 59, 65 (D.D.C. May 12, 1997).

Plaintiffs argue they are entitled to these administrative hours because when they were first ready to file the complaint in this action ICE sent them a supplemental production. As a result, they had to review that production and go through a second appeal process before they could file the complaint. They also contend that the supplemental production was duplicative. There are several flaws with Plaintiffs' argument. First, there is no evidence—as opposed to attorney argument—before the Court to support Plaintiffs' assertion regarding an unnecessary and duplicative administrative process. Thus, the only evidence before the Court shows that Plaintiffs are seeking fees for work performed during the administrative process and nothing more. Second, the statute does not provide for an award of fees for work performed during the administrative process even if in the plaintiffs view the process as unnecessary.

Accordingly, Plaintiffs' motion for fees incurred during the administrative process is denied. The Court makes its calculations for the hours spent during the administrative process based on Plaintiffs' updated billing records submitted as Exhibit A to the reply brief given that Plaintiffs have revised their hours in response to Defendant's opposition brief. (See Dkt. No. 73-2, Plaintiffs' revised fee request).) The Court deducts 13.1 hours from Ms. Lee's records ($7,139.50) and 1.3 hours from Mr. Tan's records ($624) for a total reduction of $7,763.50.

**2. Document Review**

Defendant next argues the Court should exclude Plaintiffs' time spent reviewing documents released by Defendant in response to Plaintiffs' FOIA requests. Defendant's Exhibit C identifies the hours Plaintiffs spent on document review and communications regarding the FOIA appeal letters and the FOIA responses received from Defendant.

There is a split in both this District and in the D.C. district courts regarding whether awarding fees for the review of documents produced in response to FOIA requests is appropriate. Some district courts have held that it is appropriate to award fees for the review of documents disclosed in response to a FOIA request during the course of active litigation. *See Electronic Privacy Information Center*, 811 F.Supp.2d at 239-240 (concluding "it would seem critical to the prosecution of a FOIA lawsuit for a plaintiff to review an agency's disclosure for sufficiency and

proper withholding during the course of its FOIA litigation"); *see also Am. Civil Liberties Union of N. California v. Drug Enf't Admin.*, 2012 WL 5951312, at *5 (N.D. Cal. Nov. 8, 2012) ("…it is illogical to suggest that a lawyer's time spent reviewing documents cannot be compensated. Without review of the documents produced, plaintiffs would have been unable to ascertain whether defendant had complied fully with its FOIA request and thus unable to determine what issues needed to be litigated.")

However, other courts have concluded that a plaintiff "is not entitled to recover for time spent reviewing the documents they instituted the lawsuit to obtain." *Sierra Club v. United States Environmental Protection Agency*, 75 F.Supp.3d 1125, 1149 (N.D. Cal. Dec. 8, 2014); *see also American Immigration Council v. United States Department of Homeland Security*, 82 F.Supp.3d 396, 412 (D.C.C. Mar. 10, 2015) (concluding "[p]laintiff would have had to expend this time had CBP timely produced the documents without litigation; the cost of reviewing documents produced in response to a FOIA request—to see if they are responsive or for other reasons—is simply the price of making such a request.")

The Court generally agrees with both lines of cases. A prevailing plaintiff is not entitled to recover fees for merely having its attorney review the documents. However, when a defendant produces documents during FOIA litigation, plaintiff's counsel must review the documents to determine if the production ends the litigation or if there are still compliance issues that necessitate further litigation. Such costs are litigation costs. *See American Immigration Council*, 82 F.Supp.3d at 412. Plaintiffs' request for post-production document review hours are recoverable litigation costs.

**3. Liaising with Co-counsel/Client**

Defendant also argues that the attorneys from CGRS and the ACLU, Mr. Tan and Ms. Lee, often acted as clients and not litigation counsel and therefore their time is not compensable.

A district court may conclude that intra-office conferences between primary counsel and colleagues are unnecessary and duplicative when primary counsel has substantial experience and the plaintiff fails to "provide a persuasive justification for the intra-office meetings." *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (affirming the district court's

decision to reduce Welch's requested hours by 5.75 hours for time spent in intra-office conferences).

Plaintiffs urge that Mr. Tan and Ms. Lee acted as attorney representatives and not clients because their roles included drafting documents, negotiating, and analyzing information. The Court agrees. Mr. Tan's hours reflect his work reviewing the complaint, drafting CMC statements, and engaging in settlement strategy discussions with his colleagues. (Dkt. No. 73-2 at 7-9.) Ms. Lee's hours reflect drafting and editing the complaint, drafting CMC statements, research on settlement issues, and participating in settlement conference calls. (*Id*. at 5-7.) Defendants' reliance on *El Dorado Irrigation Dist. v. Traylor Bros*., Inc.. 2007 WL 512428, to argue Mr. Tan and Ms. Lee acted as "client representative[s] and not as attorney[s]," is not persuasive. In *El Dorado*, unlike here, the court made this finding because "TBI fails to distinguish when [the attorney] was in fact representing [the company] as a lawyer and when he was acting as a client representative. Here, unlike *El Dorado*, Mr. Tan and Ms. Lee provide their billing records which demonstrate they were working as lawyers. (*See, e.g.,* Dkt. No. 71-2 at 2, 3/31/2016 ("Research on time for filing suit"); Dkt. No. 71-5 at 2, 12/16/2016 ("Call with AUSA and call prep")).

Given Mr. Tan and Ms. Lee's substantive legal work on this case, Plaintiffs' request for Mr. Tan and Ms. Lee's hours are granted.

**4.     Secretarial Work**

Defendant argues the Court should exclude Plaintiffs' hours on administrative tasks. Defendant has identified these items in Exhibit H.

Courts in this district have concluded that tasks such as filing documents on ECF, revising and preparing documents referred to in time records as "filings," email exchanges between attorneys, and organizing certain files in anticipation of preparing a motion are not clerical tasks. *Elder v. National Conference of Bar Examiners*, 2011 WL 4079623, at *4 (N.D. Cal. Sept. 12, 2011).

Defendant's Exhibit H identifies entries not only related to filings but also requests to continue settlement conferences, communications regarding the service of the complaint,

7

communications with the client, and the preparation of CMC statements. Moreover, Plaintiffs have withdrawn the hours related to the pro hac vice application, as discussed above. Accordingly, the Court finds that the hours identified in Exhibit H are not secretarial in nature and instead are compensable.

**5. Complaint**

Defendant next argues Plaintiffs' 47.9 hours spent on drafting, reviewing, and corresponding about the complaint is excessive. Defendant has itemized these hours in Exhibit F. (Dkt. No. 71-1.)

The Ninth Circuit recently explained that attorney and law clerk time spent developing the theory of the case and preparing the petition is recoverable because the work is "performed on the litigation, useful, and of a type ordinarily necessary to advance the litigation, and it was not associated with administrative proceedings or the decision to accept the case." *Pollinator Stewardship Council v. U.S. Environmental Protection Agency*, 2017 WL 3096105, at \*8 (9th Cir. June 27, 2017). Further, complex and precedent setting cases warrant the award of hours spent by senior attorneys reviewing others' work. *Elder*, 2011 WL 4079623, at \*3 (N.D. Cal. Sept. 12, 2011). However, when a complaint consists "largely of boilerplate language and an uncomplicated factual history" it is appropriate for a court to reduce the hours requested. *See Electronic Privacy Information Center*, 811 F.Supp.2d at 238 (concluding 20 hours drafting two uncomplicated FOIA complaints was unreasonable). Attorneys with experience in FOIA matters should reasonably be able to draft relatively simple complaints in "substantially less time." *See Los Angeles Gay & Lesbian Community Services Center v. IRS*, 599 F.Supp.2d 1055, 1062 (C.D. Cal. March 12, 2008) (concluding $11,000 was excessive for a five page FOIA complaint drafted by experienced attorneys).

Defendants argue that the uncomplicated facts, short procedural history, and straightforward nature of this litigation warrant a reduction of hours spent on the complaint. The Court agrees. 47.9 hours for a relatively routine 15 page FOIA complaint appears excessive, particularly given the experience of the attorneys on this case. *See Electronic Frontier Foundation v. Office of Director of National. Intelligence*, 2008 WL 2331959, at \*5 (N.D. Cal.

Jun 4, 2008) (reducing the 12 hours requested for drafting and reviewing complaint to 7.5 hours for drafting and two hours for reviewing due to "the nature of this litigation and the level of skill required"); *see also American Civil Liberties Union v. U.S. Dept of Homeland Sec.*, 810 F.Supp.2d 267, 280 (D.C.C. Sept. 15, 2011) (concluding 76.2 hours spent drafting a complaint is excessive "even for a junior associate who may not have prior experience performing such a task"). This was not a precedent setting or otherwise complicated case. Nor are the attorneys inexperienced. Mr. Wiegmann is a partner at Riley Safer with eleven years of civil litigation experience. (Dkt. No. 68-2 ¶¶ 3, 6). Mr. Tan and Ms. Lee are Yale Law school graduates, former federal clerks, and accomplished immigration attorneys with experience in FOIA requests. (*See* Dkt. Nos. 68-5; 68-6.)

Plaintiffs argue the drafting of the complaint was not a simple task due to the required research on the Parol Directive including the review of several NGO reports. The Court notes, however, that even with this research accounted for, 47.9 total hours is still excessive in light of the nature of this litigation. Therefore, the Court reduces Plaintiffs' hours from 49.7 to 40, for a total deduction of $4,947.

**6.  Block Billing**

Defendant argues Plaintiffs included multiple tasks in a single billing entries without specifying the amount spent on each task. These entries are summarized in Exhibit G, for a total of 60.1 hours.

Block billing is prohibited when billing entries are not appropriately detailed and the Court has difficulty determining how much time was spent on particular activities. *Welch*, 480 F.3d at 948; *see also American Immigration Council,* 82 F.Supp.3d at 412 (declining the defendants' request to dock the plaintiff's hours because the vast majority of plaintiff's billing entries were sufficiently detailed for the court to discern with "a high degree of certainty" the work for which the attorney was requesting compensation). A district court may apply a 20 percent reduction to block billed hours in these circumstances. *Id*. However, "block billing may be appropriate when the tasks listed in a block are related." *Electronic Frontier Foundation*, 2008 WL 2331959, at *6.

After a review of Exhibit G, the Court concludes that certain entries are related. For

example the first entry "call with AUSA and call prep" are two items within the same entry that are clearly related. Similarly, "prepare for and participate in ADR conference call; report to client re same" are related entries. Accordingly, the Court will not deduct these hours.

The Court, however, agrees that a number of Mr. Wiegmann's entries in Exhibit G are unrelated. In response, Mr. Wiegmann has submitted a declaration in support of Plaintiffs' reply brief outlining the time spent on each task for the dates of November 10, 2016, November 29, 2016, January 17, 2017, and January 20, 2017. (Dkt. No. 73-1 at 2.) Given the supplemental information provided in Mr. Wiegmann's declaration, the Court will not apply a 20% reduction to these entries. Two dates, however, are still unaccounted for. On February 2, 2017, Mr. Wiegmann spent 4.4 hours preparing for and participating in a CMC as well as conferring with defense counsel on a settlement proposal. It is not clear to the court how many hours were spent on the CMC versus settlement discussion. Second, on February 17, 2017, Mr. Wiegmann spent 2.8 hours preparing for and participating in a CMC and communicating with his client regarding the CMC, as well as preparing for a mandatory settlement conference and continued settlement negotiations. Again here the Court is unable to discern how many hours were spent on each activity. Therefore, the Court shall apply the 20% reduction to these two entries for a total deduction of $714.

**CONCLUSION**

For the reasons described above, Plaintiff's motion is GRANTED in part and DENIED in part.

The Court deducts from Plaintiffs' request the following:

(1) $7,763.50 for fees incurred during the administrative process;

(2) $4,947 in excessive fees incurred while drafting the complaint; and

(3) $710 as a 20% reduction for block billing.

Plaintiffs request $76,805 in fees separate from fees for the fee motion. The Court's total reduction is $13,420. Therefore, the Court awards Plaintiffs a total of $63,385 in attorney's fees.

As discussed above, Defendant does not oppose Plaintiffs' hours on their fee motion ($9,928) or Plaintiffs' litigation costs ($1,102.92). Therefore, Plaintiffs' total recovery for fees

10

and costs is $74,415.92.

**IT IS SO ORDERED.**

Dated: January 19, 2018

								_____
								JACQUELINE SCOTT CORLEY
								United States Magistrate Judge